**IT IS ORDERED as set forth below:**

**Date: March 8, 2019**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 15-70981-WLH |
| MATTHEW DAVID MILLER, | CHAPTER 7 |
| Debtor. | |
| MARTHA A. MILLER, AS CHAPTER 7 TRUSTEE, | |
| Plaintiff, | ADVERSARY PROCEEDING NO. 18-5198-WLH |
| v. | |
| NEW PENN FINANCIAL, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, WEBSTER BANK, N.A., CITIMORTGAGE, INC., AS SUCCESSOR BY MERGER TO ABN AMRO MORTGAGE GROUP, INC., DITECH FINANCIAL, LLC, F/K/A GREEN TREE SERVICING, LLC, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2018-A, | |
| Defendants. | |

## ORDER GRANTING MOTION TO AMEND

**THIS MATTER** is before the Court on Plaintiff's Motion to Amend Complaint (Doc. No. 11) (the "Motion").

Plaintiff filed the complaint on August 15, 2018. Plaintiff seeks leave to amend the complaint to add Count III to object to the secured status of Claim Numbers 5-1 and 6-1 filed by Webster Bank, N.A. and New Penn Financial, LLC. New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing and U.S. Bank National Association, as Trustee for Bluewater Investment Trust 2018-A ("Respondents") responded to and oppose the Motion. No other Defendants have responded to the Motion.

### I.  FACTS

Debtor acquired residential real property at 4242 Glenforest Way NE, Roswell, GA (the "Property") in 2005. The Property is in Cobb County. On January 31, 2007, Debtor borrowed funds from ABN AMRO Mortgage Group, Inc. ("ABN") in the amounts of $168,000 (Note 1) and $26,000 (Note 2), and granted two security deeds in favor of ABN.

On January 31, 2007, ABN recorded the security deed associated with Note 1 in Fulton County, Georgia (SD1). On September 9, 2016, SD1 was assigned to Ditech and the assignment was filed and recorded in the Fulton County, Georgia real property records on September 21, 2016 (Assign 1). SD1 was subsequently assigned to New Penn on July 6, 2017, and the assignment was filed and recorded in the Fulton County, Georgia real property records on July 17, 2017 (Assign 2). SD1 was assigned to U.S. Bank on June 28, 2018; the assignment was also filed and recorded in the Fulton County, Georgia real property records on August 8, 2018 (Assign 3). SD1 and the subsequent assignments, Assign 1, Assign 2, and Assign 3, were all recorded in the real property

records of Fulton County, Georgia; they were never filed and recorded in Cobb County, Georgia, where the Property is located.

On January 31, 2007, ABN filed and recorded a second security deed associated with Note 2 in the Fulton County, Georgia real property records (SD2). SD2 was assigned to Webster on June 3, 2008, and the assignment was filed and recorded in the Fulton County, Georgia real property records on June 10, 2008 (Assign 4). CitiMortgage, as successor, to ABN later re-recorded SD2 in Cobb County, Georgia on August 21, 2017 (RRSD2), and assigned RRSD2 to Webster on September 14, 2017. The assignment was filed and recorded in the Cobb County, Georgia real property records on September 21, 2017 (Assign 5).

Debtor filed a petition under chapter 13 of the Bankruptcy Code on October 31, 2015. The case was converted to chapter 7 on September 28, 2017. The section 341 meeting of creditors was held and concluded on October 30, 2017, at which point Plaintiff became the permanent Chapter 7 Trustee.

Webster filed Claim No. 5-1 asserting a claim secured by the Property totaling $23,385.65. CitiMortgage, as successor to ABN, filed Claim No. 6-1 asserting a claim secured by the Property totaling $153,662.89. Claim No. 6-1 was subsequently transferred from CitiMortgage to Ditech, and again from Ditech to New Penn. No assignment of the claim from New Penn to U.S. Bank has been filed.

Plaintiff filed the complaint on August 15, 2018. In Count I of the complaint, Plaintiff seeks a determination Debtor's bankruptcy estate holds the Property free and clear of the interests asserted in SD1, Assign 1, Assign 2, and Assign 3, SD2, and Assign 4. In Count II of the complaint, Plaintiff seeks to avoid RRSD2 and Assign 5 as post-petition transfers. In the Motion, Plaintiff seeks to amend the complaint to add Count III to object to Claim Numbers 5-1 and 6-1 as

3

secured claims and declare them general, nonpriority, unsecured claims. Respondents oppose the Motion. For the reasons stated below, the Court grants the Motion.

## II.     MOTION TO AMEND STANDARD

Pursuant to Fed. R. Civ. P. 15(a)(2), made applicable to this proceeding by Fed. R. Bankr. P. 7015, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Looney v. Owens (In re Owens), Case No. 04–17420–WHD, Adv. No. 05–1706, 2006 WL 6589884, at *1 (Bankr. N.D. Ga. Oct. 11, 2006) (citing Jameson v. The Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178 (1962)); *see also* Jenn-Air Products Co. v. Penn Ventilator Co., 283 F. Supp. 591, 594 (E.D. Pa. 1968) ("[I]t is clearly preferable to dispose of all the contentions between the parties in one proceeding.").

However, a motion for leave to amend should be denied "where the new claims asserted would be subject to dismissal as a matter of law." Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir.1999)); *see also* Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985) ("If a complaint as amended is still subject to dismissal, leave to amend need not be given."); No Straw, LLC v. Stout St. Funding, LLC, Civil Action No. 2:12–CV–0182–RWS, 2013 WL 2951064, at *7 (N.D. Ga. June 14, 2013) ("Since 'justice does not require district courts

4

to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.'" (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008)). Accordingly, a court must consider whether an amended claim would survive a motion to dismiss for failure to state a claim.

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id.

While the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, a motion to dismiss is not appropriate to resolve disputed facts or decide the merits of a case. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). If a claim would not be subject to dismissal, an amendment to state that claim is not futile.

### III.   DISCUSSION

Respondents object to the Motion arguing amendment is futile based on section 546(a), which provides the statute of limitations for actions under section 544. Under section 546(a), a trustee must generally commence an action or proceeding pursuant to section 544 no later than two years after the bankruptcy court enters an order for relief.

The time period is not tolled if the case is converted from one chapter to another. Section 301(b) provides: "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. §301(b). Section 348(a) makes clear conversion does not restart the two-year period of section 546(a). *See* 11 U.S.C. § 348(a) ("Conversion of a case from a case under one chapter of this title to a case under another chapter of this title . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."); *see also* In re Ferguson, No. 10-81401, 2014 WL 2761149, at *4 (Bankr. C.D. Ill. June 18, 2014) ("Specifically, in a converted case, the trustee's status for purposes of section 544 is determined as of the date of commencement of the bankruptcy proceeding, not the date of conversion."). Thus, a successor chapter 7 trustee in a converted chapter 13 case is not entitled to a new two-year window for avoidance actions – she only has the portion of the original two years that remained at the time of conversion. *See* Murphy v. Wray (In re Wray), 258 B.R. 777, 780 (Bankr. D. Idaho 2001) (citing Salisbury v. Mirage Resorts, Inc. (In re Mizuno), 223 F.3d 1050, 1053-56 (9th Cir. 2000)).

The Court finds section 546 does not bar Plaintiff's objections beyond the two-year limit and, accordingly, amendment is not futile. The rationale is twofold. First, Plaintiff has the rights of a bona fide purchaser for value ("BFP") and may use her status defensively to object to the secured status of the claims. Second, the majority of cases have held a trustee's objection to a claim under 11 U.S.C. § 502(d) is defensive and may be filed outside the two-year limitations period of 11 U.S.C. § 546.

### A. A trustee's defensive use of section 544 to object to a claim is not barred

Affirmative defenses are generally not subject to statutes of limitations outside the bankruptcy context. *See* Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415 (1998); Davis v. 24 Hour

6

Fitness Worldwide, Inc., 75 F. Supp. 3d 635, 638 (D. Del. 2014); *see also* City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1033 (9th Cir. 2003) ("[C]ourts generally allow defendants to raise defenses that, if raised as claims, would be time-barred."); Litzler v. Cooper (In re Margaux Tex. Ventures, Inc.), 545 B.R. 506, 527 (Bankr. N.D. Tex. 2014).  That is because a statute of limitations is meant to bar stale litigation, not to stop a court from considering a defense to an action or a particular issue in a lawsuit. *See* U.S. v. W. Pac. R.R. Co., 352 U.S. 59, 72 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation.").  As the Supreme Court has explained, statutes of limitations "are aimed at lawsuits, not at the consideration of particular issues in lawsuits[.]" Beach, 523 U.S. at 416.

Filing a proof of claim in a bankruptcy case invokes the claims-allowance process and a trustee's objection to a proof of claim is, in essence, an answer to the proof of claim.  Any time a third party seeks to recover property of the estate, whether through a proof of claim, a turnover proceeding or the assertion of a superior interest in estate property, the third party is asserting a "claim" within the meaning of § 502(a). In re Asia Global Crossing, Ltd., 344 B.R. 247 (S.D.N.Y. 2006).  In the context of a proof of claim, the party that files a proof of claim is the aggressor.  The filing of a proof of claim itself, from a procedural standpoint, is tantamount to the filing of a complaint in a civil action. In re E. L. Mobley, Inc., No. 87-41149, 0094 WL 16003014 (Bankr. S.D. Ga. June 7, 1994).  An objection to the claim is considered to be the answer to the claim. Id.

In Johnson v. Nat'l City Mortgage Co., Adv. No. 08-4119, 2009 WL 2982783, at *2-4 (Bankr. E.D. Tex. Sept. 11, 2009), the mortgage creditor filed a proof of claim; the debtor objected to the claim and filed an adversary proceeding seeking a determination the creditor's lien was void. The creditor argued the debtors' claim was barred by the statute of limitations.  The bankruptcy

7

court concluded the debtor's assertions were not barred. The court found the debtors were essentially defendants for purposes of the court's analysis since they were responding to the lender's proof of claim. Id. at *4. It explained filing a proof of claim is analogous to filing a complaint in a civil action; an objection to a proof of claim, in turn, can be construed as an answer. Id. The court concluded the debtors' objection to the lender's secured proof of claim was permissible even though the time limitations period under Texas law had expired.

Similarly, in Coxson v. Commonwealth Mortg. Co. of Am., L.P. (In re Coxson), 43 F.3d 189, 194 (5th Cir. 1995), a mortgage creditor tried to foreclose during a pending chapter 13 bankruptcy case. The debtors filed an adversary proceeding alleging the lender violated state usury laws and the Truth in Lending Act, which has a one-year statute of limitations. The creditor argued the statute of limitations period had passed and barred the debtors' claims. The district court disagreed. It found the debtors' actions were filed in response to the lender's proof of claim and, thus, were in the nature of a defensive recoupment action; it stated such defensive actions are never time-barred. On appeal, the Fifth Circuit Court of Appeals affirmed. It explained, "The mere fact that the [debtors] were the plaintiffs in the case below does not preclude the finding that their TILA claim was raised defensively." Id. The clear weight of authority permits parties to assert time-barred claims defensively.

### B. Section 544(a) confers upon the trustee the status of a BFP and section 546(a) does not terminate that status

Section 544(a) provides a trustee with two tools, or buckets of rights, she can use in furtherance of her duty to collect and reduce to money property of the bankruptcy estate. It states:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

8

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

"[T]he powers given to a trustee under § 544(a) are not limited to avoidance of transfers but specifically include broader 'rights and powers.'" Rupp v. Duffin (In re Duffin), 457 B.R. 820, 828 (B.A.P. 10th Cir. 2011). Thus, section 544(a)(3) gives the trustee a status as well as an avoiding power. *See* Stearns Bank, N.A. v. Rent-A-Tent, Inc. (In re Rent A Tent, Inc.), 468 B.R. 442, 455 (Bankr. N.D. Ga. 2012); *see also* Asia Global Crossing, 344 B.R. at 255.

Pursuant to section 544(a)(3), a trustee is "statutorily deemed to have purchased the real estate from the debtor for valuable consideration," which enables a trustee to assume all of the rights available to a BFP under applicable state law. In re Alexander, No. 11-74515-SCS, 2014 WL 3511499, at *7 (Bankr. E.D. Va. July 16, 2014), *aff'd*, 524 B.R. 82 (E.D. Va. 2014) (citing Beskin v. The Bank of N.Y. Mellon (In re Perrow), 498 B.R. 560, 571 (Bankr. W.D. Va. 2013)). As such, a trustee is also "deemed to have the same knowledge of the creditor's interest as would a hypothetical purchaser under state law" as of the date the bankruptcy petition was filed. Id.; *see also* In re Plascencia, 354 B.R. 774, 779 (Bankr. E.D. Va. 2006) ("[T]he trustee has the rights and powers that could be exercised under state law by . . . a bona fide purchaser from the debtor on the filing date."). Section 544(a) confers upon the trustee the rights and powers available to a BFP under state law, which she may exercise regardless of whether she has filed an adversary proceeding to determine the extent, validity, and priority of a lien.

In this case, Georgia law governs the interest the Trustee acquires. *See* Bank of Am., N.A. v. Adams (In re Adams), 583 B.R. 541, 553 (Bankr. N.D. Ga. 2018) (citing SunTrust Bank, N.A.

9

v. Macky (In re McCormick)), 669 F.3d 177, 180 (4th Cir. 2012)); Kelley v. Ocwen Loan Svcng (In re Bowers), 595 B.R. 869, 874 (Bankr. M.D. Ga. 2018).  Under Georgia law, a BFP takes an interest in property that is superior to every interest of which the purchaser had "neither actual nor constructive notice[.]" Deutsche Bank Nat'l Trust Co. v. JP Morgan Chase Bank, N.A., 307 Ga. App. 307, 309 (2010) (quoting Rolan v. Glass, 305 Ga. App. 217, 218 (1) (2010); Kelley, 595 B.R. at 874.  "A purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title.  Conversely, a purchaser is not charged with constructive notice of interests or encumbrances which have been recorded outside the chain of title." Va. Highland Civic Ass'n, Inc. v. Paces Props., Inc., 250 Ga. App. 72, 74 (2001) (footnotes omitted).  "Chain of title includes all recorded instruments pertaining to the property that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument." VATACS Grp., Inc. v. HomeSide Lending, Inc., 276 Ga. App. 386, 392 (2005); *see also* Palmer v. Forrest, Mackey and Associates, Inc., 251 Ga. 304 (1983) ("We find that, because the lender's security deed was not in the chain of title, it is as if it were not recorded for purpose of giving constructive notice.").

Respondents argue that when a bankruptcy case is filed, the creditor's rights against the trustee are fixed under state law.  They contend their claim is good against the debtor under state law, notwithstanding the erroneous filing of the security deed.  Respondents may be correct that their claim is good against the debtor outside of bankruptcy.  The status of Respondents' claim as secured or unsecured in the bankruptcy case, however, is established by the Bankruptcy Code, particularly section 506(a).  Under this section, a claim is allowed as secured to the extent of the value of the creditor's interest in the estate's interest in the property.  Because the trustee's interest in the estate's property is that of a BFP, the creditor's status as secured is subject to the trustee's

10

rights. Under Georgia law, the BFP's rights can be superior to those of a creditor and the Trustee may assert those rights with respect to estate property.

Courts have determined that a trustee retains the rights and powers of a BFP throughout a case without regard to section 546(a)(1) and may, therefore, assert her rights and powers after the time period for filing avoidance actions has passed. Section 546(a) prohibits the commencement of an action or proceeding under section 544 after a certain time; it does not limit a trustee's ability to raise her BFP rights. In other words, section 546(a) restricts only the power of a chapter 7 trustee to avoid such transfers, not the trustee's ability to rely on her rights as a BFP. *See* Rent A Tent, Inc., 468 B.R. at 455; *see also* In re Buchholz, 224 B.R. 13, 22 n.6 (Bankr. D.N.J. 1998) ("the plain language of section 546 only bars the bringing of an action under section 544, it does not terminate the *status* of a trustee as a *bona fide* purchaser.") (emphasis in original).

Courts have held a trustee may assert her rights beyond the time period set forth in 546(a) in several contexts. For example, in In Rent A Tent, a bank made two loans to the debtor evidenced by promissory notes and two security deeds secured by two pieces of property. At the time the security deeds were executed, the debtor did not own either of the properties. The debtor filed a chapter 7 bankruptcy petition and the creditor filed a complaint to determine the extent and validity of its liens on the properties and sought reformation of the security deeds. The court found, but for the bankruptcy, a Georgia court would have allowed equitable reformation of the deeds. The issue was whether the trustee's status as a hypothetical BFP was a valid defense to reformation.

The creditor argued the trustee could not raise his status as a hypothetical BFP as a defense because it was time barred under section 546. The court disagreed because the trustee has the rights and powers of a BFP separate from his powers to avoid transfers of property. The court explained: "[b]y its terms, section 546(a) does not restrict or otherwise place a time limit on the

11

trustee's ability to rely on his rights as a bona fide purchaser of real estate." Id. at 455. The court found the trustee was not required to file a suit to avoid a lien; he could simply raise his status as a BFP as a defense to the reformation. Id. at 455-456; *see also* In re Bloxsom, 389 B.R. 52 (Bankr. W.D. Mich. 2008) (explaining the trustee may simply raise his status as a BFP as a defense to reformation).

In In re Sheeley, Nos. 08-32316, 11-3028, 2012 WL 8969064 (Bankr. S.D. Ohio Apr. 2, 2012), *aff'd sub nom.* Bank of New York v. Sheeley, No. 3:13-CV-136, 2014 WL 1233094 (S.D. Ohio Mar. 25, 2014), the bankruptcy court found section 544(a) separates the general rights and powers of trustees from their avoidance powers and section 546(a) only provides a time limitation on avoidance actions. The court noted the introductory paragraph of section 544(a) states in the disjunctive "[t]he trustee shall have, as of the commencement of the case . . . the rights and powers of, **or** may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable . . . ." Id. at *7 (emphasis in opinion). The court explained while section 544(a) distinguishes between the "rights and powers" of a trustee and the avoidance of transfers of property, section 546(a) only provides time limitations on trustees' commencement of "an action or proceeding under section 544." The court concluded section 546(a) only bars adversary proceedings commenced by a trustee seeking to avoid transfers based upon the avoidance powers granted under chapter 5 of the Bankruptcy Code. Because the trustee did not seek to avoid the mortgage using the trustee's avoidance powers, section 546(a) was not implicated.

Similarly, in S. Bank & Tr. Co. v. Alexander (In re Alexander), Nos. 11-74515-SCS, APN 13-07146-SCS, 2014 WL 3511499 (Bankr. E.D. Va. July 16, 2014), *aff'd*, 524 B.R. 82 (E.D. Va. 2014), the court held the trustee could raise her BFP status as a defense to equitable remedies sought by the bank without having to file an adversary proceeding. The bank filed a declaratory

12

judgment action and asked the court to impose equitable remedies to establish that an unrecorded deed constituted a binding and valid lien on the property. The chapter 7 trustee asserted the equitable relief was unavailable because, pursuant to section 544(a)(3), she possessed the rights and powers of a BFP whose interest in the property was perfected as of the bankruptcy filing and took the property free of the bank's equitable claims for relief.

The bankruptcy court found the trustee was entitled to raise her rights under section 544(a)(3) as a defense to the equitable remedies sought by the bank without having to file a lien avoidance adversary proceeding because no avoidance was needed of liens that simply did not exist. Id. at *10. Further, requiring the trustee to file an adversary proceeding to raise her rights as BFP would ignore Congress' clear use of the disjunctive in the statutory text. Id. It explained the plain language of section 544(a) confers upon the trustee the rights and powers available to a BFP under state law, which she may exercise to the same extent they are available under state law, whether or not she has filed an adversary proceeding to determine the extent, validity, and priority of a lien. Id. On appeal, the district court affirmed, agreeing with the bankruptcy court the trustee could exercise her rights pursuant to section 544(a)(3) defensively without having to file an adversary proceeding. Alexander, 524 B.R. at 94; *but see* In re Mitchell, 525 B.R. 38 (Bankr. M.D.N.C. 2014).

In Loewen Group, 292 B.R. 522 (Bankr. D. Del. 2003), the issue arose in the context of a motion to sell. The debtor exercised an option to purchase real property, using funds provided in equal amounts by third parties and an affiliated debtor. When the debtor sought to sell the property during the bankruptcy case, the third parties argued that the debtor held bare legal title. They contended they and the affiliated debtor held equitable title as the beneficiaries of a resulting trust and they were, therefore, entitled to 50% of the proceeds. The court concluded that although the

13

debtor held the property for the benefit of the affiliated debtor and the third parties in a resulting trust, its rights and powers under section 544(a)(3) granted it superior rights to proceeds, *i.e.*, cut off the resulting trust. The debtor could assert its rights even though the statute of limitations had run on the avoidance claim. Id. at 525-26. The court equated the third parties' action – to recover 50% of the sale proceeds – as "essentially an attempt to recover on a claim asserted against the [debtor's] estate." Id. at 528. The court concluded the debtor was using section 544(a)(3) in opposition to a claim against the estate and was therefore defensive. Id.; *see also* Asia Global Crossing, 344 B.R. at 254 (discussing Loewen).

Section 546(a) limits the time in which a trustee must initiate an action or proceeding. As the cases above explain, it does not bar a trustee from asserting her BFP status defensively on a claim objection outside the two-year time limit. Consequently, the Trustee's objection to the secured status of claims 5-1 and 6-1 on the basis of her status as a BFP is not futile.

### C. A trustee may object to a proof of claim pursuant to section 502(d) when the time under 546(a) has expired

A trustee may also object to claims 5-1 and 6-1 pursuant to section 502(d) of the Bankruptcy Code even if the statute of limitations under section 546(a) has expired.

Section 502(d) of the Bankruptcy Code provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

11 U.S.C. § 502(d). When section 502(d) is used to disallow the claim of a secured creditor, the lien of the creditor becomes void. Section 506(d) provides:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless

14

>(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title; or
>
>(2) such claim was disallowed only under section 502(e) of this title.

11 U.S.C. § 506(d).

The question raised most often is whether a "transfer avoidable under section . . . 544" takes into account the statute of limitations of section 546. In other words, if a transfer would be avoidable if an avoidance action were brought timely, is that sufficient to disallow the claim? Courts have split on the issue, but a strong majority of cases have held a trustee may seek disallowance of a claim even though the time period set forth in section 546(a) has expired. *See* Litzler v. Cooper (In re Margaux Tex. Ventures, Inc.), 545 B.R. 506, 516 (Bankr. N.D. Tex. 2014) (discussing cases and noting the clear majority of cases, including decisions from several Circuit Courts of Appeals, has held section 546(a) does not prevent a trustee from essentially asserting an avoidable transfer while seeking disallowance of a claim under section 502(d)).

Section 502(d) states "the court *shall* disallow" the claim. Section 502(d) of the Bankruptcy Code does not specifically refer to section 546(a)(1)(A)'s two-year statute of limitations, nor does section 502(d) contain a limitations period of its own. Thus, nothing in the text of section 502(d) appears to prevent a trustee from objecting to a claim after the expiration of the statute of limitations set forth in section 546(a). Id. Similarly, section 546(a) is devoid of any reference to section 502(d) or a time period during which the trustee must object to a claim. Id. at 517. As other courts have noted, if Congress had intended the statute of limitations in section 546(a) to apply to section 502(d) it could have said so. *See* In re Weinstein, 256 B.R. 536, 538 (Bankr. S.D. Fla. 1999) ("had Congress intended the statute of limitations imposed by § 546 to apply to § 502(d), it could have easily added a reference to § 546 in § 502"); U.S. Lines v. U.S.

15

(In re McLean Indus.), 184 B.R. 10, 15 (Bankr. S.D.N.Y. 1995) ("Had Congress intended to *impose* a time limitation on objections to claims under section 502(d), they could have done so very easily."); In re Mid Atl. Fund, Inc., 60 B.R. 604, 611 n.11 (Bankr. S.D.N.Y. 1986) ("The argument that the use of the word 'avoidable' in [section] 502(d) is intended to incorporate the statute of limitations fixed by [section] 546 seems to be grasping at straws when it is considered how much more directly and plainly the idea could have been expressed by using the word 'timely' in front of avoidance or adding a reference to [section] 546.").

Courts that allow a trustee to pursue a claim objection after the deadline in section 546 has expired note doing so furthers one of the central purposes of the Bankruptcy Code—to ensure the equality of distribution among creditors. Grant, Konvalinka & Harrison, P.C. v. Still (In re McKenzie), 737 F.3d 1034, 1042 (6th Cir. 2013). As other courts have noted, a cut-off date would be inappropriate in many instances, for it is not generally known until well into the administration of a case whether any purpose would be served by reviewing and objecting to claims, based upon a determination that there will be funds available for distribution of a dividend. Mobley, 0094 WL 16003014, at *6.

For these reasons, the majority of cases have held a trustee may object to a claim pursuant to section 502(d) even when the time to bring a section 544 action has expired. For example, in Margaux Tex. Ventures, Inc., 545 B.R. at 526-27, a creditor filed a proof of claim in the debtor's chapter 7 bankruptcy case. More than two years after the debtor filed bankruptcy, the trustee filed a complaint in which he asserted several causes of action against the creditor and sought disallowance of her claim pursuant to section 502(d). The court found, although the trustee was postured as the plaintiff in the adversary proceeding, the trustee's claims were actually in the nature of counterclaims to the defendant's claim. Thus, the trustee could be viewed as the defendant. Id.

16

at 528. The court concluded the trustee could pursue his objection to claim defensively even though the section 546(a) statute of limitations period had already passed. Id. at 529. Noting, "the best offense is often a good defense," the court dismissed the counts of the complaint that relied on offensive tactics but allowed the trustee to proceed with his section 502(d) claim.

Similarly, in In re McCowan, No. 09-10347-8-SWH, 2018 WL 4056991 (Bankr. E.D.N.C. Aug. 24, 2018), the court found section 546(a) did not bar the trustee from asserting his rights and status in an objection to the bank's secured proof of claim under section 502(d). The debtor owned real property subject to a deed of trust in favor of the bank. The bank filed a certificate of satisfaction in the real property records. When the debtor filed bankruptcy, the bank filed a proof of claim asserting it had a secured claim. The trustee objected to the claim. The court found an adversary proceeding was not required to contest the secured status of a proof of claim. Id. at *2. The court explained: "The trustee is not seeking to recover property; he is merely seeking disallowance of a secured claim." Id.; *see also* Mobley, 0094 WL 16003014, at *5 (the two-year limitation set forth in section 546 for the commencement of avoidance actions does not bar defensive reliance on the trustee's avoidance powers pursuant to an objection to claim based upon section 502(d)).

While most courts have held that a trustee can defensively use section 502(d) of the Bankruptcy Code after the deadline for filing avoidance actions, a few bankruptcy courts have held a trustee may not. Courts that adopt the minority view read section 502(d) to require disallowance of only those claims that are actually avoidable. That is because section 502(d) uses the phrases "avoidable" and "is liable." The section provides, "the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549,

17

or 724(a) of this title . . . ." 11 U.S.C. § 502(d). For example, in In re Mktg. Assocs. of Am., Inc., 122 B.R. 367 (Bankr. E.D. Mo. 1991), the bankruptcy court read section 502(d) to require the trustee to first timely bring his preference action. The court said, "[I]t is implicit that no preference is avoidable if the action is not brought within the time limits prescribed by section 546(a)(1)." Id. at 369. The trustee admitted the statute of limitations had expired. The court concluded because no preference action could ever be brought, there could be no preference that would be "avoidable" within the meaning of section 502(d). Id. In other words, only those claims that are actually avoidable and recoverable under the relevant turn-over and avoidance provisions of the Bankruptcy Code may be disallowed under section 502(d).

The legislative history of section 502(d) arguably lends support to the minority position. The legislative history states the section "requires disallowance of a claim of a transferee of a voidable transfer in toto if the transferee has not paid the amount or turned over the property received as required under the sections under which the transferee's liability arises." H.R. Rep. No. 95-595, at 354 (1978); S. Rep. No. 95-989 at 64 (1978). A transferee is seemingly not legally "required" to return an alleged preference if the time for bringing such avoidance action has already expired.

As other courts have noted, though, section 502(d) merely requires an objecting party to make a *prima facie* showing the claimant received an unauthorized transfer and, once an avoidable transfer is shown, the court is required to disallow the claim even though the transfer could not be challenged due to the statute of limitations. See Margaux Tex. Ventures, Inc., 545 B.R. at 520 (citing In re Disc. Family Boats of Tex., Inc., 233 B.R. 365, 367-68 (Bankr. E.D. Tex. 1999)). Further, the legislative history explains section 502(d) was derived from existing law and, under section 57(g) of the prior Bankruptcy Act, a trustee could raise an otherwise time-barred avoidable

18

transfer in a claim objection. *See* U.S. Lines v. U.S. (In re McLean Indus.), 184 B.R. 10, 16 (Bankr. S.D.N.Y. 1995) (citing cases).

The Court is persuaded by the sound reasoning of the majority of cases that conclude a trustee can seek to disallow a claim under section 502(d) of the Bankruptcy Code even when the statute of limitations to bring an avoidance action has passed. Thus, allowing the Trustee to object to claims under section 502(d) is not futile.

### D. APPLICATION

Here, the statutory limitation for filing actions under section 544 expired two years from the date Debtor filed for bankruptcy relief on October 31, 2015. The conversion of the case did not reset the time period set forth in section 546(a), and the time to file an action pursuant to section 544 expired on October 31, 2017. Plaintiff filed the complaint more than nine months later on August 15, 2018.

The Court finds Plaintiff may nevertheless assert her BFP status defensively and object to the claims, either in total pursuant to section 502(d) or as to the secured status under section 506, both without regard to section 546. Section 544(a) confers upon Plaintiff the rights and powers available to a BFP under state law, which she may exercise to the same extent they are available under state law. Plaintiff is not seeking in Count III to affirmatively avoid the liens in question, and she is not seeking an affirmative judgment and recovery; rather, she seeks to object to the secured status of the claims or the claims in total. The clear weight of authority permits a trustee to seek disallowance of a claim after the section 546(a) two-year limit passes.

The Court should freely give leave to amend when justice so requires, and it is preferable to dispose of all the contentions between the parties in one proceeding. Because Count III relates to the facts central to this adversary proceeding, it is appropriate to litigate the claim in this

19

adversary proceeding. Accordingly, the Court will grant Plaintiff leave to amend the complaint to resolve her objections to Claims 5-1 and 6-1 in this adversary proceeding.

### E.  CONCLUSION

For the reasons stated above, the Court finds amendment is not futile. Accordingly,

**IT IS ORDERED** the Motion is **GRANTED.**

**IT IS FURTHER ORDERED** Plaintiff has ten days to amend the complaint. Defendants have thirty days to answer the amended complaint or renew any motion to dismiss as to the amended complaint.

The Clerk's Office is directed to serve a copy of this order on Plaintiff, Plaintiff's counsel, Defendants and their counsel, and the United States Trustee.

**END OF DOCUMENT**