**IT IS ORDERED as set forth below:**

**Date: July 30, 2019**



_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 15-70981-WLH |
| ) | |
| MATTHEW DAVID MILLER, ) | CHAPTER 7 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| MARTHA A. MILLER AS CHAPTER 7, ) | ADVERSARY PROCEEDING |
| TRUSTEE, ) | CASE NO. 18-05198 |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NEW PENN FINANCIAL, LLC, D/B/A ) | |
| SHELLPOINT MORTGAGE SERVICING ) | |
| ) | |
| WEBSTER BANK, N.A., ) | |
| ) | |
| DITECH FINANCIAL, LLC ) | |
| F/K/A GREEN TREE SERVICING, LLC ) | |
| ) | |
| U.S. BANK NATIONAL ASSOCIATION ) | |
| AS TRUSTEE FOR BLUEWATER ) | |
| INVESTMENT TRUST 2018-A ) | |
| ) | |
| Defendants. ) | |
| ) | |

1

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment (the "Motion") pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055 against Defendant Webster Bank, N.A. ("Webster") (Doc. 35). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (b)(2)(B), (b)(2)(K), and (b)(2)(O), and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

Debtor filed a petition under Chapter 13 of the Bankruptcy Code on October 31, 2015 and the case was converted to Chapter 7 on September 28, 2017. On August 15, 2018, Plaintiff Trustee filed a complaint seeking a determination that certain estate property is free from all interests, claims, and encumbrances, and to avoid certain post-petition transfers. The clerk issued a summons against all defendants on August 16, 2018 which was served on Webster on August 21, 2018. Plaintiff filed a motion to amend her complaint (Doc. 11), and the Court granted the motion (Doc. 17). On March 14, 2019, Plaintiff filed her amended complaint, objecting, inter alia, to claim 5-1 of Webster. Plaintiff filed a certificate of service of the amended complaint on Webster on May 28, 2019. Webster did not answer. Plaintiff requested an entry of default (Doc. 30) against Webster, and the clerk entered the default against Webster on June 4, 2019. Webster has not filed a response to the Motion, and it is deemed unopposed pursuant to Bankr. L. R. 7007-1(c).

**I.      STANDARD FOR MOTION FOR DEFAULT JUDGMENT**

A court's decision on whether to grant a motion for default judgment is discretionary. Fed. R. Bankr. 7055; Hampson v. Hampson (In re Hampson), 429 B.R. 360, 361 (Bankr. N.D. Ga. 2009). "A defendant's default does not in itself warrant the court in entering default

2

judgment. There must be a sufficient basis in the pleadings for the judgment entered." FDS National Bank v. Alam (In re Alam), 314 B.R. 834, 837 (Bankr. N.D. Ga 2004) *citing* Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir.1975). If, however, sufficient facts are not established by the pleadings, default judgment is not appropriate. Id. In its analysis, the court disregards conclusions of law and focuses its review on well-pled factual allegations. Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

The United States Supreme Court has clarified that, "…A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). In short, the Plaintiff's pleadings, accepted as true, should demonstrate that the pled causes of action are plausible. Twombly, 550 U.S. at 556. Here, the Court will review the facts alleged in the Amended Complaint to determine if the Plaintiff has pled adequate facts to warrant a default judgment.

## II. ADMITTED FACTS

Detailed facts of this adversary proceeding are set out in this Court's Order Granting Motion to Amend (Doc. 17). As a result, the Court will only briefly recite the relevant admitted facts here. On June 14, 2005, Debtor purchased and obtained a warranty deed to a single-family home located at 4242 Glenforest Way, NE, Roswell, Georgia 30075 (hereinafter "Property") in Cobb County, Georgia. Debtor was the sole owner of the Property. On January 31, 2007, Debtor took out two loans from ABN AMRO Mortgage Group, Inc. ("ABN") for $168,000 (Note 1) and

$26,000 (Note 2) and used the Property as collateral. (Amended Complaint Ex. 2; Ex. 6). The security deed (SD2) for the $26,000 loan was recorded in Fulton County on January 31, 2007, but no recordation occurred in Cobb County, Georgia. (Amended Complaint Ex. 6). In June 2008, ABN assigned its interest in SD2 and Note 2 to Defendant Webster and the assignment was recorded in Fulton County on June 10, 2008, but no recordation occurred in Cobb County, Georgia. (Assign 4, Amended Complaint Ex. 7). Nearly two years after the Debtor filed bankruptcy in October 2015, CitiMortgage, successor to ABN via merger, rerecorded the security deed associated with Note 2 in Cobb County on August 21, 2017 (RRSD2, Amended Complaint Ex. 8). Thereafter, CitiMortgage reassigned its interest to Defendant Webster on September 21, 2017 (Assign 5, Amended Complaint Ex. 9). CitiMortgage did not have authority from this Court or the Bankruptcy Code to record RRSD2.

### III.  DISCUSSION

A. <u>The admitted facts establish that Trustee is empowered to avoid the post-petition transfer of Webster pursuant to 11 U.S.C. § 549</u>

As administrator of the bankruptcy estate, the trustee is empowered to avoid post-petition transfers of property to prevent unauthorized depletions of estate property; these powers further the bankruptcy purposes of efficient estate administration and timely distribution to creditors. Section 549 of the Bankruptcy Code provides that:

> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate--
> (1) that occurs after the commencement of the case; and
> (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
> (B) that is not authorized under this title or by the court.  11 U.S.C. § 549.

To prevail, a Plaintiff must prove there was (1) a post-petition transfer (2) of estate property (3) which was not authorized by the Bankruptcy Code or Court. Gordon v. McGhee Auto Sales, Inc. (In re Goins), 598 B.R. 497, 503 (Bankr. N.D. Ga. 2019). Debtor filed his bankruptcy petition on October 31, 2015. At the time of filing, Debtor owned 100% of the Property, which became property of the bankruptcy estate pursuant to 11 U.S.C. §541(a)(2)(A). The recording of RRSD2 was an attempt to create a lien on Debtor's Property and is a transfer of property of the estate. The recording of RRSD2 occurred on August 21, 2017, nearly two years post-petition. Moreover, the admitted facts, substantiated by the docket, establish that no motion requesting permission to record RRSD2 and no order authorizing such recording were entered by this Court. The admitted facts establish a basis under section 549 for avoiding the post-petition transfer of an interest in Debtor's property by recording RRSD2, and default judgment on Count II of the Amended Complaint is appropriate.

B. <u>The admitted facts establish grounds to disallow claim 5-1 as a secured claim</u>

The Trustee seeks to disallow Webster's claim 5-1 as a secured claim. The Trustee asserts the claim should be disallowed because the trustee as a bona fide purchaser (BFP) is not subject to the lien erroneously recorded in Fulton County.

The Court incorporates its analysis set out in its Order Granting Motion to Amend (Doc. 17). There, the Court explained that the Trustee can object to the secured status of a claim as a BFP under section 544. In relevant part, 11 U.S.C. § 544(a)(3) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by--
>> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

5

The plain text of section 544 uses the disjunctive word "or" when describing the two distinct buckets of trustee powers—avoidance powers and status power.  11 U.S.C. §544(a)(3); S. Bank & Tr. Co. v. Alexander (In re Alexander) No. 11–74515–SCS, 2014 WL 3511499 (Bankr. E.D. Va. July 16, 2014). As a result, a trustee can use her BFP rights offensively or defensively.  A trustee employs her offensive powers when she initiates avoidance actions to recover property.  In contrast, a trustee uses her status defensively when she uses her status as a response or shield to a creditor's proof of claim.  (*See*, Litzler v. Cooper (In re Margaux Tex. Ventures Inc.), 545 B.R. 506, 526, (Bankr. N.D. Tex. 2014) (holding that a trustee used her powers defensively when she initiated an adversary proceeding in response to a creditor's proof of claim because the adversary proceeding arose from the trustee's objection to the creditor's proof of claim)).  Courts have clarified that a trustee need not file an adversary proceeding to utilize her BFP status defensively.  S. Bank & Trust Co. v. Alexander (In re Alexander), 524 B.R. 82, 94 (E.D. Va. 2014).  Thus, when an adversary proceeding is filed, the key inquiry is not whether the trustee files an adversary proceeding, in and of itself, but her rationale for doing so and the relief sought therefrom.

Here, Defendant Webster initiated the proceeding with filing proof of claim 5-1 on December 30, 2015 [Amended Complaint Ex. 10].  Courts have interpreted filing a proof of claim as similar to filing a complaint in that the creditor takes the position of the plaintiff.  Margaux Tex. Ventures, 545 B.R. at 526.  The Trustee, here, objected to the secured status of claim 5-1 in the amended complaint.  As in Margaux Tex. Ventures, the Trustee is in the position of a defendant, and used her status as a bona fide purchaser defensively to object to the secured status of the claim.  Because the Trustee's amended complaint is (1) in response to Defendant Webster's proof of claim and (2) is seeking to use her BFP status to assert priority and reclassify

6

the claim as a general, unsecured, non-priority debt, the Trustee fits within the purview of using her BFP status defensively.

The admitted facts demonstrate that the Trustee has established a basis for disallowing Webster's claim as a secured claim.  Section 544(a) of the Bankruptcy Code provides a trustee, inter alia, with the rights and powers of a hypothetical creditor that extends credit to the debtor as of the petition date and obtains either a judicial lien or execution against the debtor.  Since the Trustee holds the rights of a bona fide purchaser as of the Petition Date, the Court must determine the rights of a bona fide purchaser under Georgia law. Georgia law provides, "A deed may be recorded at any time; but a prior unrecorded deed loses its priority over a subsequent recorded deed from the same vendor when the purchaser takes such deed without notice of the existence of the prior deed." O.C.G.A. § 44–2–1. Further, "every unrecorded voluntary deed or conveyance of land made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary deed or conveyance." O.C.GA. § 44–2–3.

Under Georgia law, "a bona fide purchaser for value is protected against outstanding interests in land of which the purchaser has no notice." Montgomery v. Barrow, 286 Ga. 896, 897 (2010) (citing Farris v. Nationsbanc Mtg. Corp., 268 Ga. 769, 771 (1997)).  Georgia courts have explained, "[O]ne claiming title to lands is chargeable with notice of every matter which appears in his deed, and of any matters which appear on the face of any deed, decree or other instrument forming an essential link in the chain of instruments through which he deraigns title, and of whatever matters he would have learned by any inquiry which the recitals of those instruments made it his duty to pursue." Henson v. Bridges, 218 Ga. 6, 9 (1962). But "a purchaser is not charged with constructive notice of interests or encumbrances which have been recorded outside the chain of title." Virginia Highland Civic Assoc., Inc. v. Paces Props., Inc.,

7

250 Ga. App. 72, 74 (2001). Because the admitted facts show that SD2 and Assign 4 were recorded in Fulton County, outside the chain of title, the Trustee had no notice of them. As a BFP, she is entitled to take her interest in the Property free of Webster's lien.

The status of Webster's claim 5-1 as secured or unsecured is established by 11 U.S.C. §506(a). Under this section, a claim is allowed as secured to the extent of the value of the creditor's interest in the estate's interest in the property. Because the Trustee's interest in the estate's property is that of a BFP, the creditor's status as secured is subject to the Trustee's rights. Under Georgia law, the BFP's rights are superior to those of a creditor and the Trustee has properly asserted those rights with respect to the Property.

The admitted facts show that the Trustee has properly objected to Webster's claim 5-1, showing that the Trustee's interest as a BFP is superior to Webster's claim of secured status. Default judgment on Count III of the Amended Complaint is proper.

## IV.    CONCLUSION

Default judgment is granted to the Trustee on Counts II and III of the Amended Complaint. Since the judgment on these counts resolves all issues, it is unnecessary for the Court to address Count I of the Amended Complaint. It is therefore,

**ORDERED** that the Motion is **GRANTED** as provided herein;

**IT IS FURTHER ORDERED** that RRSD 2 is avoided pursuant to section 549 as an unauthorized post-petition transfer;

**IT IS FURTHER ORDERED** that Webster claim 5-1 is disallowed as a secured claim.

### END OF ORDER

## DISTRIBUTION LIST

Austin E. James
Fidelity National Law Group
Suite 460
4170 Ashford Dunwoody Road
Atlanta, GA 30319

Webster Bank, N.A.
c/o Keith Eady, Esq.
RCO Legal, P.S.
2970 Clairmont Road, NE, Suite 780
Atlanta, GA 30329

Webster Bank, N.A.
c/o John R. Ciulla, CEO
145 Bank Street
Waterbury, CT 06702

Webster Bank, N.A.
c/o Webster Financial Corporation
c/o Corporation Service Company, Registered Agent
50 Weston Street
Hartford, CT 06120-1537

Allen Rosenfeld
P.O. Box 1547
Decatur, GA 30031