**IT IS ORDERED as set forth below:**

**Date: April 21, 2020**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 15-70981-WLH |
| MATTHEW DAVID MILLER, | CHAPTER 7 |
| Debtor. | |
| MARTHA A. MILLER, AS CHAPTER 7 TRUSTEE, | |
| Plaintiff, | ADVERSARY PROCEEDING NO. 18-5198-WLH |
| v. | |
| NEW PENN FINANCIAL, LLC, D/B/A SHELLPOINT MORTGAGE SERVICING, WEBSTER BANK, N.A., DITECH FINANCIAL, LLC, F/K/A GREEN TREE SERVICING, LLC, U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR BLUEWATER INVESTMENT TRUST 2018-A, | |
| Defendants. | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment as to Defendants New Penn Financial, LLC, D/B/A Shellpoint Mortgage Servicing ("New Penn") and U.S. Bank National Association as Trustee for Bluewater Investment Trust 2018-A ("US Bank) (Doc. No. 48) (the "Motion") seeking judgment as to Counts I and III of the complaint. The issue is whether the Chapter 7 Trustee is time barred from using her powers under 11 U.S.C. §544 to object to the secured status of the claim of New Penn/US Bank and to retain the proceeds from the sale of the Property free of their secured claims or liens.

Plaintiff Chapter 7 Trustee filed the complaint on August 15, 2018. Plaintiff sought leave to amend the complaint to add Count III to object to the secured status of Claim Numbers 5-1 and 6-1 filed by Webster Bank, N.A. and New Penn, which was granted by the Court by Order dated March 8, 2019 (Doc. No. 17). The complaint was amended on March 14, 2009 (Doc. No. 23). CitiMortgage, Inc. filed a motion dismiss the complaint which the Court granted on March 8, 2019 (Doc. No. 18). Default was entered against Webster Bank, N.A. ("Webster") and Ditech Financial, LLC f/k/a Greentree Financial, LLC ("Ditech") on June 4, 2009. Default judgment was entered against Webster on Counts II and III of the complaint on July 31, 2019 (Doc. No. 37). No default judgment has been entered against Ditech. Plaintiff filed the Motion on January 31, 2020 seeking judgment on Counts I and III of the complaint against New Penn and US Bank, who oppose the Motion.

**FACTS**

Detailed facts are set out in this Court's Order Granting Motion to Amend (Doc. No. 17) and are incorporated herein. Debtor acquired residential real property at 4242 Glenforest Way NE, Roswell, GA (the "Property") on June 14, 2005. The Property is in Cobb County and Debtor

was the sole owner. On January 31, 2007, Debtor borrowed funds from ABN AMRO Mortgage Group, Inc. ("ABN") in the amounts of $168,000 (Note 1) and $26,000 (Note 2), and granted two security deeds in favor of ABN.

On January 31, 2007, ABN recorded the security deed associated with Note 1 in Fulton County, Georgia (SD1). On September 9, 2016, SD1 was assigned to Ditech and the assignment was filed and recorded in the Fulton County, Georgia real property records on September 21, 2016 (Assign 1). SD1 was subsequently assigned to New Penn on July 6, 2017, and the assignment was filed and recorded in the Fulton County, Georgia real property records on July 17, 2017 (Assign 2). SD1 was assigned to U.S. Bank on June 28, 2018; the assignment was also filed and recorded in the Fulton County, Georgia real property records on August 8, 2018 (Assign 3). SD1 and the subsequent assignments, Assign 1, Assign 2, and Assign 3, were all recorded in the real property records of Fulton County, Georgia; they were never filed and recorded in Cobb County, Georgia, where the Property is located.

On January 31, 2007, ABN filed and recorded a security deed associated with Note 2 in the Fulton County, Georgia real property records (SD2). SD2 was assigned to Webster on June 3, 2008, and the assignment was filed and recorded in the Fulton County, Georgia real property records on June 10, 2008 (Assign 4). CitiMortgage, as successor, to ABN later re-recorded SD2 in Cobb County, Georgia on August 21, 2017 (RRSD2), and assigned RRSD2 to Webster on September 14, 2017. The assignment was filed and recorded in the Cobb County, Georgia real property records on September 21, 2017 (Assign 5).

Debtor filed a petition under chapter 13 of the Bankruptcy Code on October 31, 2015. The case was converted to chapter 7 on September 28, 2017, at which point Plaintiff became the Chapter 7 Trustee.

3

Webster filed Claim No. 5-1 asserting a claim secured by the Property totaling $23,385.65. CitiMortgage, as successor to ABN, filed Claim No. 6-1 asserting a claim secured by the Property totaling $153,662.89. Claim No. 6-1 was subsequently transferred from CitiMortgage to Ditech, and again from Ditech to New Penn. No assignment of the claim from New Penn to U.S. Bank has been filed.

Plaintiff filed the complaint on August 15, 2018. In Count I of the complaint, Plaintiff seeks a determination Debtor's bankruptcy estate holds the Property free and clear of the interests asserted in SD1, Assign 1, Assign 2, and Assign 3, SD2, and Assign 4. In Count II of the complaint, Plaintiff seeks to avoid RRSD2 and Assign 5 as post-petition transfers, only as to Webster. In Count III, Plaintiff objects to Claim Numbers 5-1 and 6-1 as secured claims and seeks to have them allowed only as general, nonpriority, unsecured claims.

## CONCLUSIONS OF LAW

The Plaintiff seeks summary judgment on Counts I and III of the complaint asserting that the estate is not subject to the misfiled deeds and assignments of New Penn/US Bank because the trustee is entitled to the protections of a bona fide purchaser ("BFP") and that Claim 6-1 is disallowed as a secured claim. The facts in this case are not disputed and many of the legal principles are also undisputed. The parties agree that while a security deed is valid between the parties without recording, it is not valid as to a BFP. The parties also agree that a chapter 7 trustee has the rights of a BFP under Section 544. The parties disagree, however, as to whether some action is required by the trustee to assert the BFP rights and whether a time limit exists to assert the BFP rights defensively.

New Penn/US Bank argue that both counts I and III of the complaint are barred by the limitations of 11 U.S.C §546 which requires that actions under Section 544, among other sections

4

of the Bankruptcy Code, be brought within 2 years of the date of the order for relief or one year from the appointment of a trustee, whichever is later. The time period is not tolled if the case is converted from one chapter to another. Section 301(b) provides: "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C. §301(b). Section 348(a) makes clear conversion does not restart the two-year period of section 546(a). *See* 11 U.S.C. § 348(a) ("Conversion of a case from a case under one chapter of this title to a case under another chapter of this title . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."). Thus, a successor chapter 7 trustee in a converted chapter 13 case is not entitled to a new two-year window for avoidance actions – she only has the portion of the original two years that remained at the time of conversion. *See* <u>Murphy v. Wray (In re Wray)</u>, 258 B.R. 777, 780 (Bankr. D. Idaho 2001) (citing <u>Salisbury v. Mirage Resorts, Inc. (In re Mizuno)</u>, 223 F.3d 1050, 1053-56 (9th Cir. 2000)). The Plaintiff does not dispute this argument.

## **Count III**

The Court finds nevertheless Section 546 does not bar Plaintiff's motion for summary judgment on Count III of the complaint for the reasons set forth in its Order Granting Motion to Amend, incorporated herein. Plaintiff has the rights of a BFP and may use her status defensively to object to the secured status of the claim.

### **A. Section 544(a) confers upon the trustee the status of a BFP**

Section 544(a) provides a trustee with two tools, or buckets of rights, she can use in furtherance of her duty to collect and reduce to money property of the bankruptcy estate. It states:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

5

> (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

"[T]he powers given to a trustee under § 544(a) are not limited to avoidance of transfers but specifically include broader 'rights and powers.'" Rupp v. Duffin (In re Duffin), 457 B.R. 820, 828 (B.A.P. 10th Cir. 2011). Section 544(a)(3) gives the trustee a status as well as an avoiding power because it uses the disjunctive word "or" when describing the trustee's powers- avoidance power and status power. See Stearns Bank, N.A. v. Rent-A-Tent, Inc. (In re Rent A Tent, Inc.), 468 B.R. 442, 455 (Bankr. N.D. Ga. 2012); see also Asia Global Crossing, 344 B.R. 247, 255 (S.D.N.Y. 2006). S,Bank & Tr. Co. v. Alexander (In re Alexander), 2014 WL 3511499 (Bankr. E.D.Va. July 16, 2014), aff'd, 524 B.R. 82 (E.D. Va. 2014).

Pursuant to Section 544(a)(3), a trustee is "statutorily deemed to have purchased the real estate from the debtor for valuable consideration," which enables a trustee to assume all the rights available to a BFP under applicable state law. Alexander, 2014 WL 3511499 at *7 (citing Beskin v. The Bank of N.Y. Mellon (In re Perrow), 498 B.R. 560, 571 (Bankr. W.D. Va. 2013)). As such, a trustee is "deemed to have the same knowledge of the creditor's interest as would a hypothetical purchaser under state law" as of the date the bankruptcy petition was filed. Id.; see also In re Plascencia, 354 B.R. 774, 779 (Bankr. E.D. Va. 2006) ("[T]he trustee has the rights and powers that could be exercised under state law by . . . a bona fide purchaser from the debtor on the filing date.").

Under Georgia law, a BFP takes an interest in property that is superior to every interest of which the purchaser had "neither actual nor constructive notice[.]" Deutsche Bank Nat'l Trust Co.

6

v. JP Morgan Chase Bank, N.A., 307 Ga. App. 307, 309 (2010) (quoting Rolan v. Glass, 305 Ga. App. 217, 218 (1) (2010); Kelley v. Ocwen Loan Svcng (In re Bowers), 595 B.R. 869, 874 (Bankr. M.D. Ga. 2018)). "A purchaser of land is charged with constructive notice of the contents of a recorded instrument within its chain of title. Conversely, a purchaser is not charged with constructive notice of interests or encumbrances which have been recorded outside the chain of title." Va. Highland Civic Ass'n, Inc. v. Paces Props., Inc., 250 Ga. App. 72, 74 (2001) (footnotes omitted). "Chain of title includes all recorded instruments pertaining to the property that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument." VATACS Grp., Inc. v. HomeSide Lending, Inc., 276 Ga. App. 386, 392 (2005); *see also* Palmer v. Forrest, Mackey and Associates, Inc., 251 Ga. 304 (1983) ("We find that, because the lender's security deed was not in the chain of title, it is as if it were not recorded for purpose of giving constructive notice."). So, under Georgia law, the Plaintiff may assert her rights as a BFP as to the Property.

### B. A trustee's defensive use of Section 544 to object to a claim is not barred by Section 546

Affirmative defenses are generally not subject to statutes of limitations outside the bankruptcy context. *See* Beach v. Ocwen Fed. Bank, 523 U.S. 410, 415 (1998); Davis v. 24 Hour Fitness Worldwide, Inc., 75 F. Supp. 3d 635, 638 (D. Del. 2014); *see also* City of Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1033 (9th Cir. 2003) ("[C]ourts generally allow defendants to raise defenses that, if raised as claims, would be time-barred."); Litzler v. Cooper (In re Margaux Tex. Ventures, Inc.), 545 B.R. 506, 527 (Bankr. N.D. Tex. 2014). That is because a statute of limitations is meant to bar stale litigation, not to stop a court from considering a defense to an action or a particular issue in a lawsuit. *See* U.S. v. W. Pac. R.R. Co., 352 U.S. 59, 72 (1956) ("To use the statute of limitations to cut off the consideration of a particular defense in the case is quite

7

foreign to the policy of preventing the commencement of stale litigation."). As the Supreme Court has explained, statutes of limitations "are aimed at lawsuits, not at the consideration of particular issues in lawsuits[.]" Beach, 523 U.S. at 416.

Filing a proof of claim in a bankruptcy case invokes the claims-allowance process and a trustee's objection to a proof of claim is, in essence, an answer to the proof of claim. Any time a third party seeks to recover property of the estate, whether through a proof of claim, a turnover proceeding or the assertion of a superior interest in estate property, the third party is asserting a "claim" within the meaning of Section 502(a). In re Asia Global Crossing, Ltd., 344 B.R. 247 (S.D.N.Y. 2006). In the context of a proof of claim, the party that files a proof of claim is the aggressor. The filing of a proof of claim itself, from a procedural standpoint, is tantamount to the filing of a complaint in a civil action. In re E. L. Mobley, Inc., No. 87-41149, 0094 WL 16003014 (Bankr. S.D. Ga. June 7, 1994). An objection to the claim is considered to be the answer to the claim. Id.

This may be true even if the claim objection is presented in the form of an adversary proceeding. In Johnson v. Nat'l City Mortgage Co., 2009 WL 2982783, at *2-4 (Bankr. E.D. Tex. Sept. 11, 2009), the mortgage creditor filed a proof of claim; the debtor objected to the claim and filed an adversary proceeding seeking a determination the creditor's lien was void. The creditor argued the debtors' claim was barred by the statute of limitations. The bankruptcy court concluded the debtor's assertions were not barred. The court found the debtors were essentially defendants for purposes of the court's analysis since they were responding to the lender's proof of claim. Id. at *4. It explained filing a proof of claim is analogous to filing a complaint in a civil action; an objection to a proof of claim, in turn, can be construed as an answer. Id. The court concluded the

8

debtors' objection to the lender's secured proof of claim was permissible even though the time limitations period under Texas law had expired.

Similarly, in Coxson v. Commonwealth Mortg. Co. of Am., L.P. (In re Coxson), 43 F.3d 189, 194 (5th Cir. 1995), a mortgage creditor tried to foreclose during a pending chapter 13 bankruptcy case. The debtors filed an adversary proceeding alleging the lender violated state usury laws and the Truth in Lending Act, which has a one-year statute of limitations. The creditor argued the statute of limitations period had passed and barred the debtors' claims. The district court disagreed. It found the debtors' actions were filed in response to the lender's proof of claim and, thus, were in the nature of a defensive recoupment action; it stated such defensive actions are never time-barred. On appeal, the Fifth Circuit Court of Appeals affirmed. It explained, "The mere fact that the [debtors] were the plaintiffs in the case below does not preclude the finding that their TILA claim was raised defensively." Id. at 194. The clear weight of authority permits parties to assert time-barred claims defensively.

While Section 546(a) prohibits the commencement of an action or proceeding under Section 544 after a certain time, it does not limit a trustee's ability to raise her BFP rights defensively in response to a proof of claim or other attempt to recover from a bankruptcy estate. In other words, Section 546(a) restricts only the power of a chapter 7 trustee to avoid such transfers, not the trustee's ability to rely on her rights as a BFP. *See* Rent A Tent, Inc., 468 B.R. at 455; *see also* In re Buchholz, 224 B.R. 13, 22 n.6 (Bankr. D.N.J. 1998) ("the plain language of section 546 only bars the bringing of an action under section 544, it does not terminate the *status* of a trustee as a *bona fide* purchaser.") (emphasis in original). In asserting her status under Section 544, the Trustee is not relying on Section 544 as "self-effectuating" as argued by Defendants. She

9

is asserting a defense and that assertion of her BFP status under Section 544 is not limited by the statue of limitations in Section 546.

Courts have held a trustee may assert her rights beyond the time period set forth in Section 546(a) in several contexts. For example, in Rent A Tent, the court held that the trustee has the rights and powers of a BFP separate from his powers to avoid transfers of property. The court explained: "[b]y its terms, section 546(a) does not restrict or otherwise place a time limit on the trustee's ability to rely on his rights as a bona fide purchaser of real estate." Id. at 455. The court found the trustee was not required to file a suit to avoid a lien; he could simply raise his status as a BFP as a defense to an action for reformation. Id. at 455-456; *see also* In re Bloxsom, 389 B.R. 52 (Bankr. W.D. Mich. 2008) (explaining the trustee may simply raise his status as a BFP as a defense to reformation).

The court in In re Sheeley, 2012 WL 8969064 (Bankr. S.D. Ohio Apr. 2, 2012), *aff'd sub nom.* Bank of New York v. Sheeley, 2014 WL 1233094 (S.D. Ohio Mar. 25, 2014), found similarly. The court explained while Section 544(a) distinguishes between the "rights and powers" of a trustee and the avoidance of transfers of property, Section 546(a) only provides time limitations on trustees' commencement of "an action or proceeding under section 544." The court concluded Section 546(a) only bars adversary proceedings commenced by a trustee seeking to avoid transfers based upon the avoidance powers granted under chapter 5 of the Bankruptcy Code. Because the trustee did not seek to avoid the mortgage using the trustee's avoidance powers, Section 546(a) was not implicated.

Likewise, in Alexander, the court held the trustee could raise her BFP status defensively. The bankruptcy court found the trustee was entitled to raise her rights under Section 544(a)(3) as a defense to the equitable remedies sought by the bank without having to file a lien avoidance

10

adversary proceeding because no avoidance was needed of liens that simply did not exist. 2014 WL 3511499 at *10. Further, requiring the trustee to file an adversary proceeding to raise her rights as BFP would ignore Congress' clear use of the disjunctive in the statutory text. Id. It explained the plain language of Section 544(a) confers upon the trustee the rights and powers available to a BFP under state law, which she may exercise to the same extent they are available under state law, whether or not she has filed an adversary proceeding to determine the extent, validity, and priority of a lien. Id. On appeal, the district court affirmed, agreeing with the bankruptcy court the trustee could exercise her rights pursuant to Section 544(a)(3) defensively without having to file an adversary proceeding. S. Bank & Tr. Co. v. Alexander, 524 B.R. 82, 94 (E.D. Va. 2014); *but see* In re Mitchell, 525 B.R. 38 (Bankr. M.D.N.C. 2014).

In Loewen Group, 292 B.R. 522 (Bankr. D. Del. 2003), the issue arose in the context of a motion to sell. When the debtor sought to sell property during its bankruptcy case, parties contended they and the affiliated debtor held equitable title as the beneficiaries of a resulting trust and they were, therefore, entitled to 50% of the proceeds. The court concluded that although the debtor held the property for the benefit of the affiliated debtor and the third parties in a resulting trust, its rights and powers under Section 544(a)(3) granted it superior rights to proceeds, *i.e.*, to cut off the resulting trust. The debtor could assert its rights even though the statute of limitations had run on the avoidance claim. Id. at 525-26. The court equated the third parties' action – to recover 50% of the sale proceeds – as "essentially an attempt to recover on a claim asserted against the [debtor's] estate." Id. at 528. The court concluded the debtor was using Section 544(a)(3) in opposition to a claim against the estate and was therefore defensive. Id.; *see also* Asia Global Crossing, 344 B.R. at 254 (discussing Loewen).

11

Section 546(a) limits the time in which a trustee must initiate an action or proceeding. As the cases above explain, it does not bar a trustee from asserting her BFP status as a defense to a claim outside the two-year time limit. Consequently, the Trustee's objection to the secured status of claim 6-1 on the basis of her status as a BFP is permitted as a matter of law.

### C. Claim 6-1 is allowed only as an unsecured claim

The status of Claim 6-1 as secured or unsecured in the bankruptcy case is established by the Bankruptcy Code, particularly Section 506(a). Under this section, a claim is allowed as secured to the extent of the value of the creditor's interest in the estate's interest in the property. Because the Trustee has asserted the estate's interest as a BFP, Claim 6-1's status as secured is subject to the Trustee's rights. Under Georgia law, the BFP's rights are superior to those of New Penn and US Bank and the Trustee's assertion of those rights with respect to estate property is appropriate. Claim 6-1 is disallowed as secured and is allowed as unsecured. Once the claim is disallowed as secured, New Penn and its assignee US Bank have no right to the proceeds of any sale of the Property as a secured creditor, but only as an unsecured creditor.[1]  *See* In re Loewen Grp. Int'l, Inc., 292 B.R. 522, 531 (Bankr. D. Del. 2003) (creditor entitled to unsecured claim against proceeds from sale of property after 544 employed defensively); *see also* In re Am. Pie, Inc., 361 B.R. 318 (Bankr. D. Mass. 2007) (creditor's secured proof of claim disallowed, and claim treated as unsecured for purposes of distribution); In re Weinstein, 256 B.R. 536, 538 (Bankr. S.D. Fla. 1999) (finding creditor had an allowed unsecured claim against proceeds from sale of real property).

---

[1] Claim 6-1 is treated as the claim of both New Penn and US Bank. It was assigned to New Penn on July 24, 2017. Although the claim has not been assigned of record to US Bank, the undisputed facts are that the deeds at issue were assigned to US Bank, so the claim is filed on its behalf.

### Count I

Count I of the Complaint asks the Court for a declaration that the Property came into the estate free of the liens. The Court has granted summary judgment to Plaintiff on Count III on the basis the deeds are not enforceable against the estate as a BFP. This results in disallowance of the secured claim and an inability of Defendants to claim the proceeds of sale as a secured creditor. Count I is moot and the Court expresses no opinion on it.

### D. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff is entitled to judgment as a matter of law. Accordingly,

**IT IS ORDERED** the Motion is **GRANTED IN PART** and summary judgment is granted to Plaintiff on Count III of the Complaint as to New Penn and US Bank.

**IT IS FURTHER ORDERED** that no just reason for delay of entry of a final judgment exists since orders have been entered as to all parties but one and this order results in the complete relief requested by the Plaintiff. Under Fed. R. Civ. P. 7054, this judgment is, therefore, final.

The Clerk's Office is directed to serve a copy of this order on Plaintiff, Plaintiff's counsel, Defendants and their counsel, and the United States Trustee.

**END OF DOCUMENT**